### ROBERT LUMBKIN *v.* THE STATE.

DISTURBANCE OF THE PEACE — EVIDENCE.— In a prosecution for using loud and vociferous, obscene, vulgar and indecent language, cursing, etc., near a private house, the prosecuting witness, over defendant's objection, was asked by the State if the imputed language was used in a manner calculated to disturb his family, and the witness replied in the affirmative. *Held*, that the question and answer were improper; that the witness could have testified to the words used, the manner of their use, the tone of voice, etc., leaving it to the jury, whose province it was, to decide whether or not they were calculated to disturb the inhabitants of the house.

APPEAL from the County Court of Bosque.    Tried below before the Hon. R. G. CHILDRESS, County Judge.

The opinion discloses the nature of the case.    As punishment, the verdict of conviction imposed a fine of $35.

The evidence simply shows that because the prosecuting witness refused to permit the defendant to drive his sheep across his land, the latter, near the former's house, and in the hearing of his wife, denounced him as the

"d—dest meanest man on the mountain," as a "d—d rascal," and that he applied other opprobious epithets to him, which are not disclosed by the record. The defendant introduced no evidence.

*Helton & Lumbkin*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J. The appellant was convicted upon an indictment charging that he did go near to the private residence of Wm. Johnson, and did then and there use loud and vociferous, obscene, indecent and vulgar language, and then and there did swear and curse in a manner calculated to disturb the inhabitants of said private residence. Upon the trial the State, over the objections of the defendant, asked Wm. Johnson, the prosecutor, this question: "Was the language used by defendant at said time, used in a manner calculated to disturb your family?" To this question the witness answered "yes."

The question and answer were clearly inadmissible. This was not a matter about which the witness could give an opinion. The witness in such a case should give the facts, the manner of what was said by, and the tone of voice of the defendant, leaving it to the jury to determine whether that which was said by him was calculated to disturb the inhabitants of the house. The court erred in permitting the question and answer.

We are also of the opinion that the evidence is not sufficient to support the verdict. For these reasons the judgment is reversed and the cause remanded.

*Reversed and remanded.*